### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), *et al.*,<br><br>      *Plaintiffs*,<br><br>  vs.<br><br>ELISABETH "BETSY" D. DEVOS, in her official capacity as the United States Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION,<br><br>      *Defendants*. | Case No. 1:20-cv-01996 (DLF) |

### DECLARATION OF JONATHAN KRAVIS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

1.      My name is Jonathan Kravis. I am an attorney in the law firm of Munger, Tolles & Olson LLP, counsel of record for plaintiffs in the above-captioned matter. I have personal knowledge of the facts stated in this declaration and could competently testify to them if called upon to do so. I make this declaration in support of the plaintiffs' motion for preliminary injunctive relief.

2.      On Monday, August 3, 2020, I spoke by phone with Assistant United States Attorney Johnny Walker about this case. In that conversation, I proposed a briefing schedule that would allow the parties to file cross-motions for partial summary judgment on an expedited basis. I explained that this proposal would allow the Court to resolve the purely legal question raised by Counts One through Five of the Complaint, namely whether the Department of Education lacked the legal authority to promulgate the regulation at issue. I noted that, under this proposal, the plaintiffs would agree to defer the defendants' deadline to answer the

complaint and file the administrative record while the parties prepared their partial summary judgment motions. AUSA Walker told me that he would consider the proposal and respond in the next few days.

3. On Wednesday, August 5, 2020, I spoke by phone with Federal Programs Trial Attorney Jennifer Ricketts. In that conversation, I described the proposed expedited partial summary judgment briefing schedule that I had previously explained to AUSA Walker. Trial Attorney Ricketts told me that the government was not willing to agree to this proposed schedule.

4. Trial Attorney Ricketts also asked, in the event the Plaintiffs filed a motion for a preliminary injunction, whether the Plaintiffs would to a three-day extension of the government's deadline to respond to a preliminary injunction motion under Local Civil Rule 65.1(c). After consulting with co-counsel, I responded that the Plaintiffs would not object to a three-day extension of the deadline for a response, provided the extension did not interfere with the scheduling of a hearing on the application within 21 days, as provided in Local Civil Rule 65.1(d).

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 11, 2020.

.

_____
JONATHAN KRAVIS

45379244.1                                2