UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> ELISABETH "BETSY" D. DEVOS, in her official capacity as the United States Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION, <br><br> *Defendants*. | Civil Case No. 1:20-cv-01996 (DLF) <br><br> **JOINT STATUS REPORT** |

Plaintiffs National Association for the Advancement of Colored People ("NAACP") *et al.*, and Defendants Elisabeth DeVos *et al.*, by and through undersigned counsel, respectfully submit this joint status report pursuant to this Court's Minute Order dated August 12, 2020.

The parties have met and conferred but are not able to agree on a proposal to consolidate the Plaintiffs' motion for a preliminary injunction with an expedited ruling on the merits. The parties have set forth their positions below.

**Plaintiffs' Position**

Plaintiffs proposed the following to Defendants:

- Conversion of Plaintiffs' pending motion for a preliminary injunction to a motion for partial summary judgment on Counts One through Four of the First Amended Complaint (Doc. No. 35), with the following schedule:
    - ♦ Defendants' opposition;  August 24, 2020
    - ♦ Plaintiffs' reply;  August 31, 2020
    - ♦ Hearing:  the week of August 31, 2020, or as soon as possible thereafter
- No submission of the administrative record for the partial summary judgment motion as it is unnecessary to resolve the merits of these claims.

1

- Within 14 days of the Court's resolution of the partial summary judgment motion, the parties will submit a proposed schedule for the resolution of any remaining issues.

After some back and forth, Defendants, ultimately, did not agree.

Plaintiffs submit this plan is the most expeditious and efficient.  First, it is extremely important that the issues presented by Counts One through Four of the First Amended Complaint are resolved quickly so that school districts across the country have clear direction.  Defendants have expressly acknowledged that time is of the essence.  Specifically, in issuing an Interim Final Rule without notice-and-comment proceedings, Defendant the United States Department of Education stated that "[t]he CARES Act programs were enacted to address the immediate effects of COVID-19," and "time is of the essence" because "of the current national emergency, its disruption on education in both public and non-public schools, and the immediate need for certainty regarding applicable requirements."  85 Fed. Reg. 39,483–84 (July 1, 2020).  Plaintiffs' proposal allows for the most expeditious means of establishing certainty for the country's schools.

Second, a partial summary judgment motion is appropriate at this stage.  Counts One through Four of the First Amended Complaint present pure, dispositive questions of law.  Counts that "raise pure legal questions regarding the scope of the Secretary's statutory authority," *Am. Hosp. Ass'n v. Azar*, 348 F. Supp. 3d 62, 84 (D.D.C. 2018), *rev'd on other grounds*, No. 19-5048, 2020 WL 4378021 (D.C. Cir. Jul. 31, 2020), can be decided on the merits through the conversion of a preliminary injunction to a summary judgment motion.  *See March v. Life v. Burwell*, 128 F. Supp. 3d 116, 124 (D.D.C. 2015) (noting that conversion under Rule 65(a)(2) is appropriate where "reliance on the record is unnecessary").  Such conversion can be done irrespective of Defendants' consent thereto.  *See, e.g.*, *Am. Fed. of Gov't Employees v. Rivlin*, Civ. A. No. 95–2115 (EGS), 1995 WL 697236, at *5 (D.D.C. Nov. 17, 1995) (granting Rule 65(a)(2) conversion of motion for preliminary injunction to motion for summary judgment "over defendants' objection").

Third, Plaintiffs' proposal is the most efficient manner for addressing the issues.  Instead of utilizing the Court's and the parties' time and resources to brief and decide *both* a preliminary

2

injunction motion, and then a summary judgment motion, where the same issues are raised and argued, Plaintiffs' proposal allows for the Court to address the legal issues only once.

For all of the foregoing reasons, Plaintiffs respectfully ask the Court to adopt Plaintiffs' proposal as set forth above.

**The Defendants' Position**

Defendants do not believe that proceeding on a motion for partial summary judgment presents the most efficient path forward.  Rather, Defendants are prepared to conclude briefing on Plaintiffs' motion for preliminary injunction, while the agency continues to review and consider approximately 13,000 comments on the Interim Final Rule and prepares to issue a final rule.  The prompt issuance of a final rule would appear to be in the public interest.

For this reason, Defendants also believe this may be the unusual case for which expedited summary judgment proceedings may not result in the most efficient resolution of disputed issues.  Because Defendants plan to issue a final rule in the near future, preparing an administrative record and briefing fully the claims brought by Plaintiffs may well be overtaken by the final rule.  In addition, the personnel who would be responsible for compiling the administrative record for the Interim Final Rule are the same personnel currently reviewing the thousands of comments and helping prepare a final rule in response.  For this reason, Defendants respectfully urge the Court not to set an expedited briefing schedule for full summary judgment at this time.

If the Court should order expedited summary judgment briefing, Defendants would request three (3) weeks in which to prepare and submit the administrative record, followed in two (2) weeks by the parties filing cross-motions for summary judgment, and filing opposition briefs two (2) weeks thereafter.

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP
    TAMERLIN J. GODLEY
    (Admitted *Pro Hac Vice*)
    JONATHAN KRAVIS
    (D.C. Bar No. 973780)
    ADELE M. EL-KHOURI
    (D.C. Bar No. 1025090)
    JESSICA REICH BARIL
    (Admitted *Pro Hac Vice*)
    DAVID P. THORESON
    (Admitted *Pro Hac Vice*)

WILLIAM K. LANE, III
(D.C. Bar No. 1034955)
ETHAN P. DAVIS
Acting Assistant Attorney General
DAVID MORRELL
Deputy Assistant Attorney General
JENNIFER RICKETTS
Director, Federal Programs Branch

*/s/ William K. Lane III*
WILLIAM K. LANE III
Counsel
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 305-7920
william.lane2@usdoj.gov

*Attorneys for Defendants*

/s/ *Tamerlin J. Godley*

TAMERLIN J. GODLEY
Tamerlin.Godley@mto.com
JESSICA REICH BARIL
Jessica.Baril@mto.com
DAVID P. THORESON
David.Thoreson@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California, 90017
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

JONATHAN KRAVIS
Jonathan.Kravis@mto.com
ADELE M. EL-KHOURI
Adele.El-Khouri@mto.com
MUNGER, TOLLES & OLSON LLP
1117 F. Street, N.W., Seventh Floor
Washington, D.C. 20004–1357
Telephone:   (202) 220-1100
Facsimile:    (202) 220-2300

*Counsel for All Plaintiffs*
*Additional Co-Counsel for All Plaintiffs Listed on Next Page*

*Additional Co-Counsel for All Plaintiffs*

BACARDI JACKSON
bacardi.jackson@splcenter.org
(Admitted *Pro Hac Vice*)
CHRISTINE BISCHOFF
christine.bischoff@splcenter.org
(Admitted *Pro Hac Vice*)
KATHERINE DUNN
katherine.dunn@splcenter.org
(Admitted *Pro Hac Vice*)
LINDSEY RUBINSTEIN
lindsey.rubinstein@splcenter.org
(Admitted *Pro Hac Vice*)
SAM BOYD
sam.boyd@splcenter.org
(Admitted *Pro Hac Vice*)
MICHAEL TAFELSKI
michael.tafelski@splcenter.org
(Admitted *Pro Hac Vice*)

SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
Telephone:     (334) 315-0179
Facsimile:     (334) 956-8481

WENDY LECKER
WLecker@edlawcenter.org
(Admitted *Pro Hac Vice*)
JESSICA LEVIN
JLevin@edlawcenter.org
(Admitted *Pro Hac Vice*)

EDUCATION LAW CENTER
60 Park Place, Suite 300
Newark, New Jersey 07102
Telephone:     (973) 624-1815
Facsimile:     (973) 624-7339

.

## CERTIFICATE OF SERVICE

      I hereby certify that on August 13, 2020, a true and correct copy of the foregoing JOINT STATUS REPORT was served upon all counsel of record via the Court's CM/ECF electronic filing system.

                                                    /s/ *Tamerlin J. Godley*
                                                    Tamerlin J. Godley